**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND D. CHESTER, Jr., | No. 11-55773 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-04256-DMG-JC |
| v. | |
| JOHN DE MORALES, Executive Director of Atascadero State Hospital (ASH), as individual capacities; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Raymond D. Chester, Jr., who is committed to a state psychiatric hospital

facility, appeals pro se from the district court's summary judgment in his 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1983 action alleging that defendants failed to protect him from assault by another patient. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe 1 v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Chester's failure to protect claim because Chester failed to raise a genuine dispute of material fact as to whether defendants substantially departed from accepted professional judgment, or were personally involved in the alleged constitutional violations. *See Youngberg v. Romeo*, 457 U.S. 307, 321-23 (1982); *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

The district court properly granted summary judgment on Chester's failure to train claim because Chester failed to raise a genuine dispute as to whether the existing training program was inadequate, whether any failure to train was the result of defendants' deliberate indifference, or whether the allegedly inadequate training was what "actually caused" the alleged constitutional violation. *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).

The district court did not abuse its discretion in denying Chester's motion for appointment of counsel because Chester failed to establish exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of

counsel).

Chester's remaining contentions concerning discovery issues are unavailing.

**AFFIRMED.**